UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ABNER F MARTINEZ AMAYA,**<br><br>Petitioner,<br><br>v.<br><br>**PAM BONDI,** *et al.***,**<br><br>Respondents. | Case No. 26–cv–01945–ESK<br><br><br>OPINION AND ORDER |

    **THIS MATTER** is before the Court on petitioner Abner F Martinez Amaya's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and this Court's February 25, 2026 order (ECF No. 2.) Respondents oppose the Petition. (ECF No. 3.)

    1.    Petitioner is a citizen of El Salvador. (ECF No. 1 ¶ 1.) He entered the United States without inspection in June 2001. (*Id.* ¶ 16.)

    2.    The Department of Homeland Security (Department) arrested petitioner on February 24, 2026 pursuant to 8 U.S.C. § 1225(b)(2) without providing him any bond hearing or other individualized custody determination following his detention. (*Id.* ¶¶ 3, 14.)

    3.    Respondents filed an answer on February 28, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "entered without inspection or parole who was detained by immigration authorities in the interior of the country without having been lawfully admitted. Accordingly, [p]etitioner is an 'applicant for admission' as described in 8 U.S.C. § 1225(b)(2) and in the Board of Immigration Appeals' ('BIA') decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." (ECF No. 3 p. 4.)

    4.    Additionally, respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that the Court has already rejected in *Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, D.N.J. Oct. 30, 2025) and other cases. (*Id.* p. 1 & n. 1.)

    5.    I conclude that petitioner is being unlawfully detained under respondents' repeated invocation of 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended

period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1] *See Ayala Amaya*, 2025 WL 3033880, at *2–3.

6.  I further note that federal courts have in near unanimity similarly rejected respondents' position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25–cv–05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

7.  The basis for the petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). "[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained … ." *Id.* at 366.

8.  I decline to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Id.* at 373; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475,

---

[1] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[2] *Buenrostro-Mendez* is not binding authority, and I am unpersuaded by its reasoning for many of the reasons articulated in Judge Douglas's dissent, including that the majority's interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n. 8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly,

**IT IS** on this   **3rd** day of **March 2026**   **ORDERED** that:

1.     Petitioner's § 2241 Petition is **GRANTED**.  Respondents shall on this date **IMMEDIATELY RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.     Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.     Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.     Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to him.

5.     Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6.     Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a

lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

      7.    To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

      8.    The Clerk shall **CLOSE** this case.

                                                   */s/ Edward S. Kiel*
                                                   **EDWARD S. KIEL**
                                                   **UNITED STATES DISTRICT JUDGE**