**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **ABNER F MARTINEZ AMAYA,** | **Case No. 26–cv–01945–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION AND ORDER** |
| **PAM BONDI,** *et al.*, | |
| **Respondents.** | |

      **THIS MATTER** is before the Court on petitioner Abner F Martinez Amaya's motion for attorneys' fees (Motion) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412.  (ECF No. 7.)  Respondents oppose the Motion.  (ECF No. 8.)

      1.    The Department of Homeland Security (Department) arrested petitioner, a citizen of El Salvador, on February 24, 2026 and detained him in Delaney Hall Detention Facility (Delaney Hall), New Jersey.  (ECF No. 1 ¶¶ 1, 5.)

      2.    On February 25, 2026, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 (Petition) challenging that detention. (ECF No. 1.)

      3.    On March 3, 2026, I concluded that respondents could not rely on 8 U.S.C. § 1225 to justify petitioner's detention and ordered them to release him. (ECF No. 5.)

      4.    Petitioner now moves for attorneys' fees.  (ECF No. 7.)

      5.    The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026) (quoting 28 U.S.C. § 2412(d)(1)(A)).

      6.    In *Michelin,* the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. §2241 are civil actions."  *Id.* at 425.

7.    I granted the Petition; therefore, petitioner is a prevailing party in a civil action against the United States.

8.    Respondents now bear the burden of proving their position was justified.  *Id.* at 433.

9.    Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'"  *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

10.    "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'"  *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

11.    "[I]n immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action."  *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

12.    Significantly, courts may "not assume the position of the Government was not substantially justified simply because it lost."  *Michelin*, 169 F.4th at 433.

13.    I conclude that respondents' pre-litigation conduct of holding petitioner without bond was substantially justified for purposes of the EAJA.

14.    Section 1225 provides in relevant part that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings.   8 U.S.C. § 1225(b)(2)(A) (emphasis added).

15.    On September 5, 2025, the Board of Immigration Appeals (BIA) adopted respondents' argument and held that immigration courts could not conduct bond hearings for noncitizens who were detained pursuant to § 1225(b)(2).  *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

16.    Petitioner was detained on February 24, 2026.  I unequivocally disagree with the BIA's statutory interpretation as a matter of law,[1] but

---

[1] *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (noting district judges "have always been expected to apply their 'judgment' *independent* of the

respondents did no more than follow a binding administrative decision in detaining petitioner. "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19–cv–05059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following BIA precedent).

17. I must now consider whether respondents were substantially justified in relying on *Hurtado* during the pendency of this matter.

18. Petitioner argues that respondents were not justified because "federal courts have overwhelmingly rejected the government's position in similar cases, observing that 'of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies.'" (ECF No. 7–1 p. 4 (quoting *Demirel v. Fed. Det. Ctr. Phila.*, No. 25–cv–05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025)).

19. As I noted when I granted the Petition, federal district courts have nearly unanimously rejected the Department's interpretation of its authority to detain noncitizens pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 5 ¶ 6.) However, these decisions do not bind the Department outside of its interactions with the filing parties.

20. Moreover, the two courts of appeals to have addressed the question in precedential decisions, the Fifth Circuit and the Eighth Circuit, have both agreed with the Department's interpretation of § 1225(b)(2). *See Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted [noncitizens] already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

21. "Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an 'objective indicia' of substantial justification." *Gjergj G.*, 2019 WL 3245104, at *2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going

---

political branches when interpreting the laws those branches enact." (emphasis in original)).

[2] The Third Circuit is scheduled to hear argument on the issue in May. *See Wanderson Lopes De Andrade v. Director Philadelphia Field Office Immigration, et al.*, Appeal No. 26–1454 (3d Cir. Mar. 24, 2026) (ECF No. 23).

either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

22. The statutory interpretation of §1225(b)(2) is rapidly evolving. Therefore, I cannot say that respondents' position in this Court was unjustified. *Michel*, 68 F.4th at 78 ("When the issue is a novel one with little to no precedent, courts have been hesitant to find the government's position not substantially justified.")

Accordingly,

**IT IS** on this   **21st** day of **April 2026**   **ORDERED** that:

1. The Motion at ECF No. 7 is **DENIED**.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4